## Palumbo *v.* Campo, Appellant.

*Negligence—Automobiles—Accident while driving guest — Injuries to—Recovery.*

In an action to recover damages for personal injuries it appeared that the plaintiff was injured while riding in an automobile driven by the defendant. Evidence was produced that while the machine was proceeding at the rate of forty-five miles an hour the defendant asked for a cigar, which the plaintiff handed to him, and that in taking it the defendant removed his hands from the steering wheel, causing the accident. This was denied by the defendant, who claimed that he had been blinded by lights of an approaching machine.

*Held,* the case was for the jury and verdict for plaintiff will be sustained.

Argued November 13, 1924. Appeal, No. 219, Oct. T., 1924, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1922, No. 2288, in case of Ambrogio Palumbo v. Frank Campo. Before ORLADY, P. J., PORTER,

440, (1925).]      Statement of Facts—Arguments.

HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before STERN, P. J.

From the record it appeared that the plaintiff, who was injured, was riding in an automobile as the guest of the defendant.  Evidence was produced that when the machine was going at the rate of about forty to forty-five miles an hour the plaintiff was asked by the defendant for a cigar, which the former handed to him.  When the defendant was about to light the cigar he took his hands from the wheel of the machine and it crashed into a telegraph pole, injuring the plaintiff.  The defendant denied that he asked for a cigar and testified that he was blinded by the lights of an approaching automobile.

Verdict for the plaintiff in the sum of $500 and judgment thereon.  Defendant appealed.

*Error assigned* was, among others, the refusal of defendant's motion for judgment non obstante veredicto.

*Raymond A. White, Jr.,* and with him *Maurice W. Sloan,* for appellant.—The plaintiff as a guest of the driver was equally responsible with him for the accident: Renn v. Tone, 273 Pa. 10; Martin v. Pennsylvania Railroad Company, 265 Pa. 282; Hardie v. Barret, 257 Pa. 42.

*I. G. Gordon Forster,* for appellee.—The plaintiff and the defendant having embarked on a common enterprise for the benefit or pleasure of both parties, the defendant was required to exercise ordinary diligence: Cody v. Venzie, 263 Pa. 541; Goodman v. Delaware & H. Canal Co., 167 Pa. 332; Penna. R. R. Co. v. Kerr, 62 Pa. 353; Penna. R. R. Co. v. Hope, 80 Pa. 373; Hoag v. R. R. Co., 85 Pa. 293.

PER CURIAM, February 27, 1925:

Every phase of this case was fully considered in the court below, and all debatable questions were submitted to the jury in a charge by the learned judge that is free from error.  It was clearly a case for the jury, and there could be no doubt as to the law appertaining to the facts and the duty of the jury in disposing of them.

The judgment is affirmed.